**Electronically Filed
Intermediate Court of Appeals
29461
16-DEC-2011
10:32 AM**

NO. 29461


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


RUTH RYAN, Plaintiff/Counterclaim Defendant/Appellee, v.
JOHN HERZOG, Defendant/Counterclaimant/Appellant


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
LAHAINA DIVISION
(DC-CIVIL NO. 08-1-0948)


SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Foley and Fujise, JJ.)

Defendant/Counterclaimant/Appellant John Herzog
(Herzog) appeals from the May 6, 2008 Judgment for Possession and
Writ of Possession granted in favor of Plaintiff/Counterclaim
Defendant/Appellee Ruth Ryan (Ryan), the September 19, 2008
Judgment for Attorney's Fees and Costs, and a November 18, 2008
Garnishee Order, entered by the District Court of the Second
Circuit, Lahaina Division (district court).[1]

Herzog raises five points on appeal.  Herzog claims the
district court erred when it (1) entered the Judgment of
Possession and Writ of Possession after the return proceeding;
(2) factually found that a copy of a notice of termination of
tenancy was delivered to Herzog on or about March 4, 2008,
factually found that as a result of the delivered notice, the
month-to-month tenancy expired on April 18, 2008, and concluded

---

[1]     The Honorable Rhonda I. L. Loo presided.

that the tenancy expired on April 18, 2008, in issuing a Judgment for Possession and Writ of Possession; (3) awarded interim attorney's fees to Ryan with respect to the summary possession; (4) issued the Garnishee Order; and (5) struck Herzog's Answer and Motion to Dismiss, which contained a counterclaim for damages.

After careful review of the issues raised, arguments advanced, applicable law, and record in the instant case, we resolve Herzog's points of errors as follows:

(1) and (2)  As Herzog's month-to-month tenancy has now expired, whether notice was given on the date found by the district court or on the date of service of the complaint for summary possession, and because Herzog has surrendered possession of the subject property, his challenge to the entry of the judgment and writ of possession is rendered moot.  See Queen Emma Found. v. Tatibouet, 123 Hawai'i 500, 508, 236 P.3d 1236, 1244 (App. 2010).  "[T]his court does not have jurisdiction to decide abstract propositions of law or moot cases."  Id., at 506, 236 P.3d at 1242 (citation and internal quotation marks omitted). Therefore, we decline to review the district court's decision to enter the Judgment of Possession and Writ of Possession.

(3) and (4)  The interim attorney's fees award and garnishment order based thereon will stand.  While

> a dispute over attorney's fees and costs does not permit adjudication of an otherwise moot controversy[,] . . . the question of attorney's fees and costs must be decided based on whether the recipient of the attorney's fees and costs award can be considered to be the prevailing party in the underlying action, "without regard to whether we think the [trial] court's decision on the underlying merits is correct."

Id., at 510, 236 P.3d at 1246 (quoting Bishop v. Comm. on Prof'l Ethics & Conduct of the Iowa State Bar, 686 F.2d 1278, 1290 (1982)).  "'In general, a party in whose favor judgment is rendered by the district court is the prevailing party in that court,' . . . for purposes of costs and attorneys' fees."  MFD Partners v. Murphy, 9 Haw. App. 509, 514, 850 P.2d 713, 716 (1992) (brackets omitted) (quoting 6 J. Moore, W. Taggart & J.

2

Wicker, Moore's Federal Practice ¶ 54.70[4], at 54-323 to 54-324 (2d ed. 1992)). Ryan's complaint asked for a judgment granting Ryan possession and a writ of possession to enforce the judgment. As the district court entered a Judgment of Possession and issued a Writ of Possession in favor of Ryan, Ryan was the prevailing party. As the attorney's fees award and consequent garnishment order was based on Hawaii Revised Statutes § 666-14 (1993) which authorizes the award of costs and fees in proceedings to obtain a writ of possession, we affirm the award and garnishment order.

(5) The district court improperly struck Herzog's Answer and Motion to Dismiss. It appears from the transcript of the return hearing that Ryan moved to strike the document because Ryan's counsel represented that he had not received a copy of the Answer and Motion to Dismiss. The record reflects that Herzog's Answer and Motion to Dismiss was filed with the district court on April 30, 2008, and the attached certificate of service, dated April 30, 2008, attested that a copy of said document was served on Ryan's counsel at his office address, by certified mail. Rule 5(b) of the District Court Rules of Civil Procedure (DCRCP) provides that service on a represented party shall be upon the party's attorney and can be effected by personal service or mail. The Rule also provides that "[s]ervice by mail is complete upon mailing." Thus, it appears that Herzog's document was properly served and it should not have been stricken on the basis that Ryan's counsel had not yet received the Answer and Motion to Dismiss.

On appeal, Ryan also argues that the "pleading" was untimely under DCRCP Rule 6 and that the district court had the authority to strike it, based on DCRCP Rule 12(f). Ryan admits that no hearing date had been set at the time the Answer and Motion was filed. DCRCP Rule 6 provides for a motion filing deadline based on the date of the hearing. ("A written motion . . . shall be served not later than 14 days before the time specified for the hearing[;] . . . pleadings, memoranda and affidavits may be served not later than 72 hours preceding the

3

hearing[.]"). As no motion hearing date had been set for Herzog's Answer and Motion to Dismiss, it could not have been untimely at that juncture.

DCRCP Rule 12(f) provides for a motion to strike from a pleading made within 20 days after the service of the pleading "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Ryan did not move to strike on this basis. Even if she had, as the record indicates the district court had not yet read the Answer and Motion to Dismiss before it ruled, it could not have determined that the document contained any matter that could be stricken under the rule. Ryan makes no argument that Herzog's Answer and Motion to Dismiss contained any "insufficient defense or any redundant, . . . impertinent, or scandalous matter." Rather, she argues, *ipse dixit*, that as the document was untimely and unserved, it was "immaterial" under the Rule. We find no support for and therefore reject this construction.

Therefore,

IT IS HEREBY ORDERED that (1) the challenge to the May 6, 2008 Judgment for Possession and Writ of Possession and the June 30, 2009 Findings of Fact, Conclusions of Law and Order is dismissed as moot; (2) the September 19, 2008 Judgment for Attorney's Fees and Costs and November 18, 2008 Garnishee Order are affirmed; and (3) the May 2, 2008 oral order striking the Answer and Motion to Dismiss issued by the District Court of the Second Circuit, Lahaina Division is vacated and this case is remanded for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawai'i, December 16, 2011.

On the briefs:

Mitchell S. Wong,
for Defendant/Counterclaimant/
Appellant.

Douglas J. Sameshima,
for Plaintiff/Counterclaim
Defendant/Appellee.

Chief Judge

Associate Judge

Associate Judge

4